IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDRE JACOBS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 02-1703 |
| | ) |
| C.O.T. HECK, et al., | ) |
| | ) |
| Defendants. | ) |

ORDER

Plaintiff has filed various motions with the court. First, plaintiff filed a motion for re-argument of this court's grant of summary judgment on February 27, 2004. (Doc. No. 179). The order of February 27, 2004, speaks for itself and plaintiff has raised no new issues regarding that decision in his motion. Plaintiff's motion for re-argument, therefore, is **DENIED**.

Plaintiff has also filed a motion "for transcripts *in forma pauperis*." (Doc. No. 175). In an appeal, an appellant, proceeding *in forma pauperis* is obligated either to pay the cost of a trial transcript required for an appeal or obtain an order of the district court exempting plaintiff from this expenditure and directing the government to pay the cost. Nolt v. Strausser, 761 F.Supp. 18, 19 (E.D. Pa. 1990); 28 U.S.C. § 753(f). The trial or circuit judge must certify that the appeal as not frivolous and that the transcript is needed to decide the issues presented. Id. In Walker v. People Express Airlines, Inc., 886 F.2d 598, 601 (3d Cir. 1989), the United States Court of Appeals for the Third Circuit held: "We conclude, therefore, that transcripts may be secured at public cost by litigants who are granted partial *in forma pauperis* status, provided that a certification that the appeal is not frivolous, but presents a substantial question is made." Id. (applying the standard for transcripts for *in forma pauperis* litigants to partial *in forma pauperis*

litigants). In this case, the court cannot review plaintiff's statement of questions and issues because the case file has been transported to the United States Court of Appeals for the Third Circuit. The court is not able to review plaintiff's issues on appeal. The court, therefore, will deny plaintiff's motion without prejudice. Plaintiff may raise the issue with the United States Court of Appeals for the Third Circuit or may resubmit his motion with a copy of the issues he raised on appeal.

Plaintiff filed a motion for extension of time in which to file a brief in support of his motion for a new trial. (Doc. No. 182). Plaintiff's motion is **GRANTED**. Plaintiff shall file a brief in support of his motion for a new trial within 30 days of the date of this order. (Doc. No. 182). If plaintiff fails to file his brief within 30 days, that failure will be deemed consent to the denial of the motion.

Finally, plaintiff filed a motion for a temporary restraining order or preliminary injunction (Doc. No. 174). Federal Rule of Civil Procedure 65 sets out the procedure for obtaining injunctive relief. 11A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2941 (3d ed. 2004). Injunctive relief is an extraordinary remedy and is not to be routinely granted. Id. § 2942. Courts do not grant injunctive relief unless the right to relief is clear and plaintiff has no other adequate legal remedy. Id. §§ 2942-3.

In determining whether to grant a preliminary injunction, the court is to consider the following four factors: (1) whether the movant has demonstrated a reasonable probability of success on the merits; (2) whether the movant will be irreparably harmed by the denial of injunctive relief; (3) whether the injunctive relief sought will result in greater harm to the non-movant; and (4) whether the injunctive relief sought is in the public interest. Shire US Inc. v. Barr Laboratories, Inc., 329 F.3d 348, 352 (3d Cir. 2003); Swartzwelder v. McNeilly, 297 F.3d 228, 234 (3d Cir.2002); Allegheny Energy, Inc. v. DQE, Inc., 171 F.3d 153, 158 (3d Cir.1999).

It is well established that district courts are to engage in a balancing test to determine whether there is an overall need for a preliminary injunction. See Oburn v. Shapp, 521 F.2d 142, 147 (3d Cir. 1975) (stating that while the moving party generally must make a showing with regard to the first two prongs, the court is to weigh all relevant facts with regard to the four factors).

Plaintiff requests this court to enter an order requiring "the immediate return of the plaintiff's legal property; which was arbitrarily seized on March 8, 2005." (Doc. No. 175). Plaintiff asks that the court enter the injunctive relief against Superintendent Harry Wilson, Secretary of Corrections Jeffrey Beard, Unit Manager Mike Zuken, and Unit Lieutenants Mozingo and Stafford.

In this action, only defendant Heck is still a party. None of the above-mentioned individuals have been named in this action or given notice of this motion. The court, therefore, will deny plaintiff's motion. Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 110 (1969).

Therefore, this 30th day of January, 2006, IT IS HEREBY ORDERED that the plaintiff's motion for re-argument (Doc. No. 179) is **DENIED**, plaintiff's motion for transcripts *in forma pauperis* (Doc. No. 175) is **DENIED** without prejudice, plaintiff's motion for an extension of time in which to file a brief is **GRANTED** (Doc. No. 182), and plaintiff's motion for a preliminary injunction or temporary restraining order (Doc. No. 174) is **DENIED**.

                BY THE COURT:

                /s/ Joy Flowers Conti
                Joy Flowers Conti
                United States District Judge

cc: Christian D. Bareford
 Office of the Attorney General
 564 Forbes Avenue
 6th Floor, Manor Complex
 Pittsburgh, PA   15219

 Andre Jacobs
 125883
 Allegheny County Jail
 950 Second Avenue
 Pittsburgh, PA 15219